[Civ. No. 26546. First Dist., Div. Four. Dec. 11, 1969.]

RICHARD P. LYONS et al., Plaintiffs and Appellants, v.
JACK H. ESTES, as Assessor, etc., Defendant and Respondent.

**COUNSEL**

Richard P. Lyons and David Jay Morgan, in pro. per., and Lyons & Morgan for Plaintiffs and Appellants.

Keith C. Sorenson, District Attorney, and Jerome F. Coleman, Deputy District Attorney for Defendant and Respondent.

**OPINION**

**CHRISTIAN, J.**—Plaintiffs appeal from an order denying their application for preliminary injunction in this action brought against respondent Assessor of San Mateo County. The complaint alleged that respondent levied an "escaped assessment" upon office equipment belonging to appellants, on the basis of information obtained from appellants' state and federal income tax returns. Appellants prayed for a declaration that it was unlawful for the assessor to look at their tax returns and for an injunction against the use of information obtained thereby in any assessment proceedings. The appeal is from the trial court's order denying a preliminary injunction. We uphold the trial court's determination that Revenue and Taxation Code section 19286 authorizes the Franchise Tax Board to supply county assessors with information taken from income tax returns filed with the board.

Under section 19282 of the Revenue and Taxation Code, it is a misdemeanor for the Franchise Tax Board or its employees to disclose information

from income tax returns unless authorized by statute. In *Webb* v. *Standard Oil Co.* (1957) 49 Cal.2d 509, 513 [319 P.2d 621], the California Supreme Court held that the effect of the statutory prohibition was to render state income tax returns privileged, except in situations specified by the statute.*

One of the exceptions to the general privilege is contained in section 19286: "The Franchise Tax Board may permit the Commissioner of Internal Revenue of the United States, *or other tax officials of this State,* or the proper officer of any state imposing an income tax or a tax measured by income, or the authorized representative of any such officer, to inspect the income tax returns of any individual, estate, trust, or partnership, or may furnish to the officer or his authorized representative an abstract of the return of income of any taxpayer or supply him with information concerning any item of income contained in any return or disclosed by the report of any investigation of the income or return of income of any taxpayer." (Italics added.) ▆ Appellants contend that assessors, as county officers, are not "tax officials of this state." (*Eisley* v. *Mohan* (1948) 31 Cal.2d 637, 641 [192 P.2d 5].) But counties are political subdivisions of the state (Gov. Code, § 23002); thus the question is whether the clause "other tax officials of this State" includes tax officials of political subdivisions of the state. No reported decision on the question has been found. However, the intent of the Legislature is indicated by the following language in section 19288 of the Revenue and Taxation Code: "Whenever under this part or any act heretofore or hereafter enacted, the Franchise Tax Board is required or permitted to disclose information, to furnish abstracts, or to permit access to its records, to or by an official, department, bureau, or agency of this State (*including its political subdivisions*) or any other state, or the United States, it may charge the official, department, bureau, or agency for the reasonable cost of its services." (Italics added.) The relationship between sections 19286 and 19288 becomes clear when the legislative history of these sections is considered. Both were at one time parts of section 33 of the Personal Income Tax Law of 1935. (Stats. 1935, ch. 339, § 33, p. 1122, as amended by Stats. 1941, ch. 1226, § 21, p. 3084.) Present section 19286, enacted as part of the original law, was part (c), while present section 19288 was added in 1941 as part (d). When read together, the two passages show that the Legislature intended taxing

---

*Revenue and Taxation Code, section 19282, (making unauthorized disclosure of information by state tax authorities a misdemeanor) has been amended, with effect after the proceedings here under review, to extend penalties to employees of political subdivisions of the state who divulge information derived from state income tax returns (Stats. 1969, ch. 980, § 19). This provision necessarily implies a legislative understanding that such information may be made available to local taxing authorities by the Franchise Tax Board. But the new statute is not conclusive of the earlier proceedings here under review.

officials of political subdivisions to be included in part (c); otherwise the provision in part (d) allowing for the reimbursement of costs from political subdivisions would be meaningless. The same conclusion was reached in an Attorney General's opinion in 1942 (N.S. 4666): ". . . it may fairly be concluded that section 33 when read in its entirety authorizes the Commissioner to furnish to county officials charged with the duty of assessing and collecting county taxes information contained in income tax returns filed with him pursuant to the Act."

■ Appellants argue that section 19286 must have been intended to authorize only income tax officials to have access to state income tax returns. Otherwise, appellants contend, any local official connected with the collection of a tax, whether it be mosquito abatement taxes or dog licenses, would have access to the income tax returns, rendering the privileged nature of the returns a nullity. This argument is not supported by the language of the statute. The key words are ". . . other tax officials of this state, or the proper officer of any state imposing an income tax or a tax measured by income . . ." By making it clear that *other* states' access to the tax returns is limited to *income* tax officials, the statute implies that there was no intention to so limit the access of tax officials of this state. The possibility that tax officials may obtain income tax documents for irrelevant purposes is dealt with by section 19287 of the Revenue and Taxation Code, which makes it a misdemeanor for any official to use the information except to administer the tax acts for which he is responsible.

■ Finally, appellants argue that the county assessor is not a tax official, as he does not collect taxes. This argument is untenable. The statute refers not to the tax collector, but to "tax officials." The assessment of property is an integral part of the state's property tax system. (See Rev. & Tax. Code, § 401 et seq.)

The order is affirmed.

Devine, P. J., and Rattigan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 4, 1970.